UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BAOLIANG ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | 2: 24-cv-02369-DAD-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are before the court. (ECF No. 1, 2.)

**I.  Motion to Proceed In Forma Pauperis**

A plaintiff seeking leave to proceed in forma pauperis must submit an affidavit demonstrating inability to pay the filing fee, which must include a statement of all the plaintiff's assets and demonstrate the affiant's poverty "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins

1

1 v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), the applicant must nonetheless
2 show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). If the
3 court determines "the allegation of poverty is untrue," the court "shall dismiss the case." 28
4 U.S.C. § 1915(e)(2).
5     The court has conducted the required review and will grant plaintiff's motion to proceed
6 in forma pauperis.
7     **II.**    **Screening Requirement**
8     Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis
9 proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a
10 claim on which relief may be granted," or "seeks monetary relief against a defendant who is
11 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
12 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is
14 based on an indisputably meritless legal theory or where the factual contentions are clearly
15 baseless. Id. at 327.
16     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
17 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
18 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked
19 assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual
20 allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged
21 must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'"
22 Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a
23 complaint under this standard, the court accepts as true the allegations of the complaint and
24 construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416
25 U.S. 232, 236 (1974).
26     **III.**    **Allegations in the Complaint**
27     Plaintiff's complaint includes claims under 42 U.S.C. § 1983, "Violation of 47-Fraud and
28 False Statement, Amendments One and XIV," the First Amendment, the Eighth Amendment, and

the Fourteenth Amendment. Factually, plaintiff alleges a variety of harms between October, 2015 and August, 2021: "persecution" by the California Department of Corrections and Rehabilitation and "the leading officials." (ECF No. 1 at 4.) Although some allegations are difficult to follow, plaintiff appears to allege that he was the victim of "slander" regarding his criminal history while imprisoned at CDC Wasco in 2015 (¶11); "perjury" regarding his medical history at the California Institute for Men (CIM) in 2016 (¶14); "counterfeit" violations of misconduct at CIM in 2017 (¶17); a disregard of a medical condition with his eye and subsequent inadequate medical care for his eye at CIM in 2017 (¶s 22, 23); inadequate medical treatment of his "head numbness which was caused by a rogue inmate at the LA County jail" in March, 2013 (¶25); inappropriate mental health treatment in 2017 by a psychologist who "forced plaintiff to talk about [his] past experiences with the Chinese communist agents (¶26); inappropriate transfer to and assignment at the California Substance Abuse Treatment Facility (SATF) at Corcoran in 2018 (¶37); inappropriate transfer to Atascadero State Hospital in 2019 (¶57); false statements about plaintiff's mental state by treating and examining mental health professionals in 2019 (¶65); an assault by another inmate in 2020 in which "defendants played a key role in such a scheme (¶74); poor treatment by the parole officers when he was paroled in 2020 (¶s78-84); and "cheating" by the parole officers in increasing plaintiff's time on parole (¶90).

### IV.  Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

### V.  Relevant Legal Authority

The court provides the following to assist plaintiff in understanding the deficiencies of his complaint.

/////

  a. <u>California Department of Corrections and Rehabilitation</u>

The only defendant named in the complaint is the California Department of Corrections and Rehabilitation. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978) (per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit.

  b. <u>Improper Joinder</u>

The complaint is also improper as it brings multiple, unrelated claims. If plaintiff chooses to amend the complaint, he is advised that he may only join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and he may only join defendants where the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts. Plaintiff must decide which related claims and defendants he wants to pursue in this action, and any unrelated claims involving different defendants must be brought in separate suits.

**VI. Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4

An amended complaint should be titled "First Amended Complaint" and bear the case number of this order. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

In accord with the requirement in Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings be short and plain, plaintiff's amended complaint cannot exceed 20 pages.

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly identify the people involved, and the specific actions or inactions they undertook to support your allegations.  The amended complaint cannot exceed 20 pages.

### VIII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2, 3) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Federal Rules of Civil

////

////

////

Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 13, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDZhang2369