UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BAOLIANG ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | 2: 24-cv-02369-DAD-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). On March 13, 2025, the undersigned granted plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 4.) The court dismissed the complaint but granted plaintiff leave to amend. (Id.) Plaintiff's First Amended Complaint (FAC) is now before the court for screening. (ECF No. 5.) For the reasons that follow, the court finds that FAC fails to state a claim and should be dismissed. Further, the court finds that amendment would be futile and recommends that the FAC be dismissed without leave to amend.

I.     **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

As in his original complaint, plaintiff's FAC names the California Department of Corrections and Rehabilitation (CDCR) and "leading officials" as defendants. (ECF No. 5 at 3.) The FAC purports to bring claims under 42 U.S.C. § 1983, "Intentional Tort," "Perjury, Fraud and False Statement," "Deprivation of Freedom of Speech and Communication," "Violation of Amendment Eight," "Violation of Amendment Fourteen," and a separate claim of "Violation of 42 U.S.C. § 1983. (ECF No. 5.)

Factually, plaintiff alleges a variety of harms between October 2015 and June 2019 stemming from his incarceration during that time. (Id. at 2.)  Plaintiff further alleges that after his release he was forced to go to a mental hospital until July 2020, then placed on parole for three years. (Id. at 2.)  Plaintiff alleges that he was incarcerated as a result of the "will of the Chinese communist regime and some lawless cops in Los Angeles Police Department," and that during his

incarceration he was "willfully cheated, viciously oppressed and terribly harmed" by "torture and even death threat(s)." (Id.)

Although his allegations are difficult to follow, in Claim One plaintiff appears to assert, among other things, that he was kept at CDC Wasco between 2015 and 2017 "without justifiable cause" (¶14); he was not checked for "head numbness" beginning in October, 2015" (¶24); during his stay at different institutions he got "safety problem for taking some common medication" (¶29); and he was assaulted at Atascadero State Hospital in 2020 (¶30). Plaintiff alleges that "defendants have been ferocious to me because they took the bribery from the Chinese communist regime." (¶32).

In Claim Two plaintiff alleges, among other things, that in 2017 while at Chino State Prison (CIM), "Defendant leading officials quickly made up two counts of violent felony in Plaintiff's case" (¶35); a staff psychologist forced him to "talk about my negative experience with the Chinese communist agents" and assessed plaintiff with a "mental disorder" (¶40); in 2019 used "false mental history" to send plaintiff to Atascadero State Hospital" (¶47); and in 2020 presented "false mental history" and other documents to prevent plaintiff from being decertified (¶59).

In Claim Three plaintiff alleges, among other things, that while in CDCR custody all his mail "seeking outside assistance and all phone calls were blocked" (¶60); in 2017 at CIM defendant prevented plaintiff from providing the "true facts related to their criminal case reports" (¶61); and he filed numerous grievances but all "were willfully rejected or without reply" (¶63).

In Claim Four plaintiff alleges, among other things, a delay in treatment for an eye problem in 2018 causing permanent damage, a "bunch of slanders, the creation of false documents when he was released from prison in 2019, and a refusal to terminate plaintiff's discharge from parole" (¶65).

In Claim Five plaintiff alleges, among other things, that "under the will of the Chinese communists, defendant tortured plaintiff," and orchestrated an attempt on his life at Atascadero in 2020 (¶67).

In Claim Six plaintiff alleges, among other things, that defendants "worked for the

Chinese Communist regime" and committed "serious violations of the US Constitution and federal laws…in different times at different institutions" (¶68). Plaintiff provides a list of such incidents (Id.).

### III. Discussion

As for CDCR, plaintiff was previously advised that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit so plaintiff has no claim for damages against CDCR.

Plaintiff asserts he was wronged by various CDCR employees such as W. Best (¶17), Chilber (¶20), Vang (¶ 27) and Alford (¶ 17). While it is not clear whether any of the persons named are the "leading officials" referenced at the beginning of plaintiff's FAC, plaintiff fails to allege any of the persons he does identify caused plaintiff any actionable harm despite being specifically informed in the first screening order that in order to state a claim against any defendant he must provide a link between the actions of a defendant and a violation of federal rights. (ECF No. 4 at 4.)

### IV. Leave to Amend

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995). The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Given the defects noted herein, and the fact that the court has already granted plaintiff one opportunity to amend, granting leave to amend would be futile in this instance.

## V. Conclusion

In accordance with the above, IT IS HEREBY IT IS RECOMMENDED:

1. Plaintiff's First Amended Complaint (ECF No. 5) be dismissed without leave to amend for failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDZhang2369